IIN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

R. ALEXANDER ACOSTA, )
SECRETARY OF LABOR, )
UNITED STATES DEPARTMENT OF LABOR, )
 )
        Plaintiff, )
 )
        v. ) Civil Action No.
 )
JM OSAKA, INC., a corporation, d/b/a OSAKA )
JAPANESE RESTAURANT; IK MURUSAKI, )
INC., a corporation, d/b/a MURUSAKI JAPANESE )
RESTAUANT; IN KY KIM, individually, and as )
owner and corporate officer of the aforementioned )
corporations; YEO ING MY, individually, and as )
owner and corporate officer of the aforementioned )
corporations; and HOYUNG JU, individually, and )
as a manager, )
 )
        Defendants. )
 )

**COMPLAINT**

Plaintiff, R. Alexander Acosta, Secretary of Labor, United States Department of Labor ("Plaintiff"), brings this action to enjoin JM OSAKA, INC., a corporation, d/b/a OSAKA JAPANESE RESTAURANT; IK MURUSAKI, INC., a corporation, d/b/a MURUSAKI JAPANESE RESTAUANT; IN KY KIM, individually, and as owner and corporate officer of the aforementioned corporations; YEO ING MY, individually, and as owner and corporate officer of the aforementioned corporations; and HOYUNG JU, individually, and as a manager, (collectively, "Defendants"), from violating the provisions of Sections 6, 7, 11(c), 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("the Act"), and for a judgment against Defendants in the total amount of back wage compensation

found by the Court to be due to any of the employees of Defendants pursuant to the Act and an equal amount due to the employees of Defendants in liquidated damages.

1. Jurisdiction of this action is conferred upon the Court by Sections 16(c) and 17 of the Act, 29 U.S.C. §§ 216(c) and 217, and by 28 U.S.C. §§ 1331 and 1345.

2. Defendant JM OSAKA, INC. ("Osaka") is a corporation duly organized under the laws of the Commonwealth of Virginia in 2009. Osaka has its principal office at 6701 Loisdale Road, Springfield, VA 22150, within the jurisdiction of this court, where it is engaged in the operation of a full-service Japanese restaurant.

3. Defendant IK MURUSAKI, INC. ("Murusaki") is a corporation duly organized under the laws of the Commonwealth of Virginia in 2016. Murusaki has its principal office at 12158 Fairfax Towne Center, Fairfax, VA 22033, within the jurisdiction of this court, where it is engaged in the operation of a full-service Japanese restaurant.

4. Defendant In Ky Kim is, and at all times hereinafter referenced was, the 50 percent owner of both Osaka and Murusaki. Defendant In Ky Kim does, and at all times hereinafter mentioned did, business in Springfield and Fairfax, VA as he oversees the daily operation of the businesses located at 6701 Loisdale Road, Springfield, VA 22150, and 12158 Fairfax Towne Center, Fairfax, VA 22033, which are within the venue and jurisdiction of this Court. Defendant Kim has directed employment practices and has directly or indirectly acted in the interest of Osaka and Murusaki in relation to their employees at all times relevant herein, including hiring and firing employees, setting employees' conditions of employment, including schedules and the rates and methods of compensation, distributing weekly payroll, and supervising employees day-to-day. Defendant Kim also focuses significant time on managing the "back of the house" workers.

5. Defendant Yeo In My is, and at all times hereinafter referenced was, the 50 percent owner of both Osaka and Murusaki. Defendant Yeo In My does, and at all times hereinafter mentioned did, business in Springfield and Fairfax, VA as she oversees the daily operation of the businesses located at 6701 Loisdale Road, Springfield, VA 22150, and 12158 Fairfax Towne Center, Fairfax, VA 22033, which are within the venue and jurisdiction of this Court. Defendant My has directed employment practices and has directly or indirectly acted in the interest of Osaka and Murusaki in relation to their employees at all times relevant herein, including hiring and firing employees, setting employees' conditions of employment, including schedules and the rates and methods of compensation, distributing weekly payroll, and supervising employees day-to-day. Defendant My also focuses significant time on managing the "front of the house" workers.

6. Defendant Hoyung Ju serves as the manager of Murusaki and Osaka. Defendant Hoyung Ju does, and at all times hereinafter mentioned did, business in Springfield and Fairfax, VA as he oversees the daily operation of the businesses located at 6701 Loisdale Road, Springfield, VA 22150, and 12158 Fairfax Towne Center, Fairfax, VA 22033, which are within the venue and jurisdiction of this Court. Defendant Ju supervises and directs the work of all the employees of Murusaki, including specific directions on how to prepare food, and is involved in the interviewing and hiring of employees. Among other things, since June 18, 2016, Defendant Ju served as the point-of-contact and represented both Osaka and Murusaki vis-à-vis the U.S. Department of Labor investigation of the overtime, minimum wage and recordkeeping violations alleged herein. Defendant Ju bore responsibility for producing payroll and other employment records to the U.S. Department of Labor and answering the Department's questions about pay

practices in the restaurants. Defendant Ju has acted directly or indirectly in the interest of Murusaki and Osaka in relation to its employees at all times relevant herein.

7. The business activities of Defendants, as described herein, are and were related and performed through unified operation or common control for a common business purpose and constitute an enterprise within the meaning of Section 3(r) of the Act.

8. At all times relevant herein, Defendants have had employees engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, including meat, seafood, produce, and alcohol. Further at all times relevant herein, Defendants have had an annual gross volume sales made or business done of not less than $500,000. Specifically, the annual dollar value over the past three years for the business has exceeded $700,000. Therefore, the employees of Osaka and Murusaki are employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the Act.

9. Since at least May 25, 2013 through at least April 13, 2017, Defendants have repeatedly and willfully violated the provisions of Section 6 and 15(a)(2) of the Act by failing to pay certain present and former employee(s), sushi chefs and kitchen staff, at least minimum wage for all hours worked. Specifically, Defendants paid non-tipped employees a semi-monthly salary of between $219.98 and $3,666.87. Based on the hours employees worked, generally between 52.5 and 65.75 hours each week, this pay scheme often resulted in wage rates of $1.05 to $7.22 per hour, below the current minimum wage rate of $7.25 per hour. Therefore, Defendants are liable for unpaid minimum wages and an equal amount of liquidated damages under Section 16(c) of the Act.

4

10. Since at least May 25, 2013 through at least April 13, 2017, Defendants have repeatedly and willfully violated the provisions of Section 7 and 15(a)(2) of the Act by failing to compensate employees for hours worked in excess of 40 hours per workweek at rates of one and one-half times the regular rate of pay due to each such employee as required by Section 7 of the Act.  During the period since at least May 25, 2013 through at least April 13, 2017, Defendants paid non-exempt, non-tipped employees a semi-monthly salary of between $219.98 and $3,666.87, which stayed the same regardless of the hours employees' worked.  During the period since at least May 25, 2013 through at least April 13, 2017, non-exempt, non-tipped employees routinely worked in excess of 40 hours, often between 52.5 and 65.75 hours per workweek and sometimes in excess of 76 hours per workweek.  Additionally, Defendants paid tipped employees between $2.50 and $3.00 per hour, including hours worked over 40 in one week.  Tipped employees routinely worked in excess of 40 hours, often between 40.65 and 47 per workweek and sometimes in excess of 52.5 hours per workweek.  From at least May 25, 2013 through at least April 13, 2017, Defendants failed to pay employees time and half their regular rate for those hours worked in excess of 40 in a workweek, in violation of Section 7 of the Act.  Therefore, Defendants are liable for the payment of unpaid overtime compensation and an equal amount of liquidated damages under Section 16(c) of the Act.

11. Since at least May 25, 2013 through at least April 13, 2017, Defendants violated the provisions of Sections 11(c) and 15(a)(5) of the Act in that Defendants failed to make, keep, and preserve adequate and accurate records of their employees, including employees' full names, home addresses, wages, hours and other conditions of their employment, as prescribed by the regulations issued and found at 29 C.F.R. Part 516.

WHEREFORE, cause having been shown, the Secretary prays for judgment against Defendants providing the following relief:

(1) For an injunction issued pursuant to Section 17 of the Act permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants who receive actual notice of any such judgment, from violating the provisions of Sections 6, 7, 11(c), 15(a)(2) and 15(a)(5) of the Act; and

(2) For judgment pursuant to Section 16(c) of the Act finding Defendants liable for unpaid minimum wage and overtime compensation due to certain of Defendants' current and former employees listed in the attached Schedule A for the period from May 25, 2013 through the date of the final judgment in this matter. Additional minimum wage back wages and overtime compensation and/or liquidated damages may be owed, for the period covered by this Complaint, to certain present and former employees who were or are employed by Defendants at the Restaurants in Springfield and Fairfax, Virginia and who are presently unknown to Plaintiff; or

(3) In the event liquidated damages are not awarded, for an injunction issued pursuant to Section 17 of the Act restraining defendants, their officers, agents, employees, and those persons in active concert or participation with defendants, from withholding the amount of unpaid minimum wages and overtime compensation found due defendants' employees and prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621.

FURTHER, Plaintiff prays that this Honorable Court award post-judgment interest as authorized by 28 U.S.C. § 1961, costs in his favor, and an order granting such other and further relief as may be necessary and appropriate.

| | |
|---|---|
| Post Office Address: | Respectfully submitted, |
| Douglas N. White<br>Associate Regional Solicitor<br>U.S. Department of Labor<br>201 12th St. South<br>Arlington, VA 22202-5450<br>(202) 693-9384<br>(202) 693-9392 (fax)<br>beydoun.ali@dol.gov | Nicholas C. Geale<br>Acting Solicitor of Labor<br><br>Oscar L. Hampton III<br>Regional Solicitor<br><br>Douglas N. White<br>Associate Regional Solicitor |
| Date: May 16, 2017 | Samantha N. Thomas<br>Regional Counsel<br><br>*/s/ Ali A. Beydoun*<br>Ali A. Beydoun (VSB #78150)<br>Orly T. May<br>Office of the Solicitor<br>201 12th Street South<br>Arlington, VA  22202-5450<br>Telephone No. (202) 693-9384<br>Facsimile No.  (202) 693-9392<br>beydoun.ali@dol.gov<br><br>U.S. DEPARTMENT OF LABOR<br>Attorneys for Plaintiff |