IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| R. ALEXANDER ACOSTA, Secretary of ) | |
| Labor United States Department of Labor ) | |
|    Plaintiff, ) | |
| ) | Case No. 1:17-cv-559 |
|    v. ) | |
| ) | |
| JM OSAKA INC., *et al.*, ) | |
|    Defendants. ) | |

## MEMORANDUM OPINION

In this FLSA action, the Secretary of Labor, as authorized by statute,[1] has brought this action on behalf of certain employees against (i) two restaurants, (ii) the individual owners of the restaurants, and (iii) a manager of one of the restaurants. Specifically, the complaint alleges that defendants failed to pay the minimum wage and to compensate employees for overtime, in violation of the FLSA, 29 U.S.C. §§ 206, 207, and 211. One of the defendants, a manager at one of the restaurants, seeks threshold dismissal pursuant to Rules 12(b)(1) and 12(b)(6), Fed. R. Civ. P, on the ground that he is not an "employer" under the FLSA. The matter has been fully briefed and argued orally, and is now ripe for disposition.

### I.

The Secretary of Labor has brought this FLSA action on behalf of approximately 58 employees[2] of the Osaka Japanese Restaurant and Murusaki Japanese Restaurant. According to the complaint, the 58 restaurant employees on whose behalf the Secretary sues are sushi chefs, cooks, and tipped employees, such as wait staff.

---

[1] 29 U.S.C. § 216.

[2] Neither the complaint nor the answer specifies the number of employees affected by the non-payment scheme but refer to "certain present and former employee(s)[.]" Doc. 1 at ¶4. At argument, the Secretary stated that the action was being brought on behalf of approximately 58 employees.

1

There are five named defendants: (i) the two corporations that own the restaurants, JM Osaka, Inc. and IK Murusaki, Inc., (ii) the two individuals who jointly own and are the corporate officers of the restaurant corporations, In Ky Kim and Yeo Ing My, and (iii) Hoyung Ju, an individual alleged to be a manager of one of the restaurants. At issue is defendant Hoyung Ju's motion to dismiss on grounds of jurisdiction and that the complaint fails to state a claim because he is not an "employer" under the FLSA, but is merely a manager of the restaurant.

The complaint alleges that Hoyung Ju served as manager of Murusaki and "overs[aw] the daily operation of the business." Doc. 1 at ¶ 6. In that role, he is alleged to have "supervise[d] and direct[ed] the work of all employees of Murusaki, including specific directions on how to prepare food." *Id.* It is also alleged that he is "involved in the interviewing and hiring of employees" and "served as the point-of-contact and represented both Osaka and Murusaki vis-à-vis the U.S. Department of Labor[,]" bearing "responsibility for producing payroll and other employment records" and answering questions.[3] *Id.*

The complaint further alleges that from at least May 25, 2013 through April 13, 2017, all defendants, including Hoyung Ju failed to compensate their employees in accordance with the FLSA. According to the complaint, non-tipped employees were paid a semi-monthly salary of between $219.98 and $3,666.87 and worked between 52.5 and 65.75 hours each week. Therefore, the complaint alleges that employees were paid at wage-rates of between $1.05 and $7.22 per hour, all of which are under the current federal minimum wage of $7.25 per hour, and in violation of 15 U.S.C. § 206, which requires that employers pay the federal minimum wage.

---

[3] Hoyung Ju also claims that the work he performed for the restaurants was done through his consulting company and that the restaurants hired his consulting company and not him personally. Because this is a 12(b)(6) motion, this factual contention is not appropriately considered here. *Fayetteville Inv'rs v. Commercial Builders, Inc.*, 936 F.2d 1462, 1472 (4th Cir. 1991) (holding that a "district court could not act upon facts alleged or proven beyond what was stated in a complaint or amended complaint").

The complaint also alleges defendants failed to pay tipped and non-tipped employees appropriate overtime compensation. Specifically, the complaint alleges that the salaries of non-tipped employees were not increased to time-and-a-half for hours worked in excess of 40-hours per week, and tipped employees, who worked between 40.65 and 47 hours a week at a rate of $2.50 to $3.00 per hour, were also not paid time-and-a-half for hours worked in excess of 40 per week, in violation of 15 U.S.C. § 207, which requires employers to pay overtime wages. The complaint also states that defendants failed to maintain adequate records of their employees, including employee names, addresses, wages, hours, and conditions of employment in violation 15 U.S.C. § 211. Doc. 1 at ¶ 11.

Hoyung Ju seeks dismissal of the complaint on two grounds: (i) lack of subject matter jurisdiction pursuant to 12(b)(1) on the ground that he is not an "employer" under the FLSA and (ii) failure to state a claim on the ground that the complaint's allegations do not warrant a plausible inference that he is an FLSA "employer."

**II.**

Hoyung Ju's jurisdiction argument – that he is not an "employer" under the FLSA – is a challenge to subject matter jurisdiction under Rule 12(b)(1), and is therefore appropriately considered first. An objection to subject matter jurisdiction may be raised by the parties or by the court at any stage in the litigation and the plaintiff bears the burden of proving the existence of such jurisdiction by a preponderance of the evidence. *Ellenburg v. Spartan motors Chassis Inc.*, 519 F.3d 192, 196 (4th Cir. 2008).

Hoyung Ju's argument in support of a jurisdictional challenge is a non-starter;[4] whether Hoyung Ju, given the scope of his duties as manager, is an "employer" under the FLSA is an issue of fact, and his argument that he is not an "employer" concerns whether the complaint alleges facts warranting a plausible inference that he is an FLSA "employer." As such, the argument is more appropriately raised as a ground for dismissal under Rule 12(b)(6).

Notably, it is not uncommon for such a dispute to be confused with the existence or non-existence of jurisdiction. As the Supreme Court has noted in *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006), "[s]ubject matter jurisdiction in federal-question cases is sometimes erroneously conflated with a plaintiff's need and ability to prove the defendant bound by the federal law asserted as the predicate for relief – a merits-related determination."[5] Simply put, therefore, the dispute here seems clearly a factual one, not one of jurisdiction. Unless "the Legislature clearly states that a threshold limitation on a statute's scope shall count as jurisdictional," that limitation "is an element of the plaintiff's claim for relief, not a jurisdictional issue." *Id.* at 515-16. Accordingly, Hoyung Ju's 12(b)(1) argument fails at the threshold.

Hoyung Ju's reliance on *Maravilla v. Ngoc Anh Restaurant Ltd.*, No. 1:16-cv-427 (LMB/MSN), 2016 WL 6821090 (E.D. Va., Nov. 17, 2016), is misplaced. That case, far from supporting Hoyung Ju, in fact makes clear that his jurisdictional argument lacks merit. There the

---

[4] Hoyung Ju argues that the failure to allege that his consulting business was a covered "enterprise" presents a jurisdictional problem for the Secretary. Yet, this argument misses the mark. As the Fourth Circuit has made clear "under the FLSA, the Government may sue the 'employer' who is responsible for complying with the various provisions of the Act" and the Secretary is not required bring suit against any particular business. *Brock v. Hamad*, 867 F.2d 804, 808, n. 6 (4th Cir. 1989).

[5] While *Arbaugh* dealt with a defendant's status as "employer" under Title VII, courts have widely recognized that the rule announced in *Arbuaugh* applies to a wide variety of statutes. *See, e.g.*, *Union Pac. R.R. Co. v. Bhd. of Locomotive Engineers*, 558 U.S. 67, 81–86 (2009) (holding that a procedural rule under the Railway Labor Act requiring proof of a pre-arbitration settlement conference is not jurisdictional under Arbaugh); *Reynolds v. Am. Nat'l Red Cross*, 701 F.3d 143, 155 (4th Cir. 2012) ("[T]he issue of whether the Chapter is an 'employer' under the ADA is non-jurisdictional in nature."); *Minard v. ITC Deltacom Commc'ns Inc.*, 447 F.3d 352, 356 (5th Cir. 2006) ("In light of the Supreme Court's decision in Arbaugh, we conclude that the definition section of the [Family Medical Leave Act] ... is a substantive ingredient of a plaintiff's claim for relief, not a jurisdictional limitation.").

court held that "'whether a defendant is an employer as defined in the FLSA is an element of the plaintiff's meritorious FLSA claim' and . . . 'does not implicate subject matter jurisdiction.'" *Id.* at 3 (citing *Gilbert v. Freshbikes, LLC*, 32 F. Supp. 3d 594, 600 (D. Md. 2014)). Applying *Arbaugh*'s reasoning, the court in *Maravilla* found that "the FLSA provides no indication that Congress intended the coverage requirements to operate as a jurisdictional bar." *Id.* at 3. To the contrary, that court noted that because the "FLSA's definition of employer is found in the definitions section of the Act, [] the term is not jurisdictional." *Id.*

Based on the language and structure of the FLSA and relevant precedents, it is clear that whether an individual is an "employer" under the FLSA is a factual question, not a jurisdictional one. Thus, whether the complaint alleges sufficient facts to warrant a plausible inference that Hoyung Ju is an FLSA "employer" is a question appropriately raised in his 12(b)(6) motion to dismiss for failure to state a claim.

### III.

Hoyung Ju's Rule 12(b)(6) argument – that the complaint fails to allege facts sufficient to warrant an inference that he is an "employer" within the meaning of the FLSA – is governed by a legal standard too well settled to be disputed. A district court should dismiss a complaint if, accepting all well-pleaded allegations in the complaint as true and drawing all reasonable factual inferences in the plaintiff's favor, the complaint does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations cannot merely amount to speculations, and must amount to more than "a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Recitation of the elements of a cause of action is insufficient to survive a Rule 12(b)(6) motion to dismiss. *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678-79.

The parties agree that the FLSA permits suits against an "employer" or an "enterprise,"[6] thus the question is what facts the complaint must allege in order to warrant a plausible inference that Hoyung Ju is an "employer," not merely an employee. In this respect, the statute's text is of little help, as it merely states that an "employer" is "any persons acting directly or indirectly in the interest of an employer in relation to an employee[.]" 29 U.S.C. § 203(d). This question-begging formulation does little to specify or identify the persons or entities that qualify as an "employer," and understandably therefore, courts have struggled to define "employer" with greater precision, sometimes reaching diverse results.

To accommodate the absence of a more precise statutory definition, the Fourth Circuit has announced and applies an "economic reality test" to identify whether an individual is an FLSA "employer." *Kerr v. Marshall Univ. Bd. of Governors*, 824 F.3d 62, 83 (4th Cir. 2016). The purpose of this test is to focus on considerations or facts that serve to identify individuals who would qualify as FLSA "employers," including whether the individual "(1) has the power to hire and fire the employees, (2) supervise[s] and control[s] employee work schedules or conditions of employment, (3) determine[s] the rate or method of payment, and (4) maintain[s] employment records." *Id.* at 83 (citing *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999)). No one factor is dispositive. *Id.*

The economic reality test, applied here, points persuasively to the conclusion that the complaint fails to state sufficient specific facts warranting the plausible inference that Hoyung Ju is an "employer" under the FLSA. With respect to the first factor, whether the alleged employer

---

[6] Hoyung Ju argues that the Secretary was required to bring suit against his consulting company as an "enterprise," not him individually, because the restaurants hired him through his business and not in his individual capacity. Simply put, this argument fails. *See supra* n. 4. The Secretary is not required to sue Hoyung Ju in the capacity that Hoyumg Ju prefers. Instead, the Secretary can choose to sue Hoyung Ju individually or to bring suit against Hoyung Ju's consulting business. Here, the Secretary chose to sue Hoyung Ju individually. Accordingly, the issue of "enterprise" liability is neither presented nor addressed here.

has the power to hire and fire, the complaint alleges that Hoyung Ju was "involved in interviewing and hiring employees[,]" Doc. 1 at ¶ 3. Mere involvement in the hiring process, by itself, is not enough to make an employee an FLSA "employer." Significantly, the complaint contains no allegation that Hoyung Ju had any authority to make decisions about hiring, nor does the complaint allege that he had any power to fire or discipline employees. As other courts have explained, "[b]eing involved in the hiring process, by interviewing and making recommendations, does not make someone an employer." *Arenciba v. 2401 Restaurant Corp.*, 831 F.Supp.2d 164, 176 (D.D.C. 2011) (finding that a maître d' who "interviewed applicants and made recommendations" was not an employer under the FLSA because the employer's "approval was required and obtained before informing any employee he was actually hired").[7] Thus, because the complaint fails to allege facts showing that Hoyung Ju had authority to hire or fire employees, the first factor weighs against finding him to be an employer.

The second factor of the economic reality test asks whether an individual "control[s] work schedules or conditions of employment." *Kerr*, 824 F.3d at 83. While the complaint alleges that Hoyung Ju "supervises and directs the work of employees[,]" including giving specific instruction on how to prepare food, these allegations fall short of stating that he exercised control over scheduling work and work periods. Specifically, the complaint fails to plead facts showing that Hoyung Ju controlled when employees had to work, how long they had to work, and whether they had to work overtime. The bare allegation that he was a "manager" is insufficient to show that he is an FLSA "employer." *See Johnson v. A.P. Prods., Ltd.*, 934 F.Supp. 625, 629 (S.D.N.Y 1996) (dismissing a claim because the complaint alleged only that

---

[7] *See also Dole v. Continental Cuisine, Inc.*, 751 F.Supp. 799, 800 (E.D.Ark.1990) (holding that a maître d' was not an employer despite involvement in hiring and firing); *Saint-Jean v. D.C. Pub. Schools Div. of Transp.*, 815 F.Supp.2d 1, 4 (D. D.C. 2011) (finding the power to discipline employees was insufficient to make a supervisor an employer without the power to hire and fire).

7

the defendant was a manager, and that she and the defendant company fired plaintiff). Absent more detailed allegations, the second factor also weighs against a plausible inference that Hoyung Ju is an FLSA "employer."

The third factor, whether the defendant is involved in setting payment rates, amounts, or methods, is perhaps the most important. As courts have sensibly noted, "power over the employment relationship by virtue of control over the purse strings is a substantial factor in identifying an employee-employer relationship." *Baird v. Kessler*, 172 F.Supp.2d 1305 311 (E.D. Cal. 2001), *aff'd*, 81 F. App'x 249 (9th Cir. 2003) (*citing Bonnette v. California Health and Welfare Agency*, 704 F.2d 1465, 1470 (9th Cir. 1983)).[8] With respect to this factor, the complaint fails to include any allegations suggesting that Hoyung Ju made decisions about how much to pay employees or the timing and method by which employees were paid. Given that the purpose of the FLSA is to remedy failure to pay employees, the lack of any allegations linking Hoyung Ju to payment decisions weighs significantly against finding him to be an FLSA "employer."

The complaint also fails to allege facts demonstrating that Hoyung Ju was involved in the maintenance of employment records, the fourth factor of the economic reality test. The complaint states that he was "the point-of-contact" during the Department of Labor's investigation into FLSA violations at the two restaurants.[9] At best, this supports an inference that he had access to employment records, a fact other courts have appropriately found insufficient to support an inference that an individual is an employer. *See Zhao v. Bebe Stores,*

---

[8] *See also Guifu Li v. A Perfect Day Franchise Inc.*, 281 F.R.D. 373, 399 (N.D. Ca. 2012) (finding in a summary judgment motion that lack of authority over pay weighed in favor of finding an individual was not an employer under the FLSA); *Donovan v. Agnew*, 712 F.2d 1509, 1513 (1st Cir.1983) (same).

[9] It appears that Hoyung Ju cooperated with the Secretary during the Department of Labor's investigation and was rewarded by being named as a defendant.

*Inc.*, 247 F.Supp.2d 1154, 1160 (C.D. Ca. 2003) (access to payroll records by an auditor responsible for compliance with labor laws was found insufficient to demonstrate maintenance of records under the economic reality test).[10] The complaint also states that Hoyung Ju answered questions about pay practices at the restaurant. That might support the inference that he had some knowledge of how employees were paid, but knowing how other employees are paid, by itself, does not operate to transform a managerial employee into an "employer" under the FLSA.

In sum, the economic reality test applied here makes clear that the complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). There are no allegations that Hoyung Ju had authority to hire or fire employees. No facts alleged suggest that Hoyung Ju had control over employee work schedules and conditions at either of the restaurants or the rate or method of paying employees. And while Hoyung Ju appears to have had access to employee records for both restaurants, no facts in the complaint suggest that he either maintained or controlled those records. For these reasons, the complaint has failed to state a claim for which relief can be granted.

Seeking to avoid this result, the Secretary relies chiefly on language from *Rutherford Food Corp. v. McComb*, 331 U.S. 722 (1947), stating that in light of the FLSA's remedial purposes, courts should engage in a "flexible inquiry" and account for circumstances of the "whole activity" to decide whether an individual is an "employer" within the meaning of the Act. This argument fails; it stretches the language in *Rutherford* well beyond the breaking point. It is perhaps understandable that the Secretary would urge a broad reading of "employer" to include

---

[10] S*ee also Perez v. Lantern Light Corp.*, 2015 WL 3451268 (W.D. Wash. 2015) ("Under FLSA case law, actual control over, and not merely *access to*, employment records by an additional employer whose interests are served by the same employee points in the direction of joint employment"); *Moreau v. Air France*, 343 F.3d 1179, 1187 (9th Cir. 2003) (finding that checking employment records to ensure company standards were met was insufficient support for a finding that a company was an employer).

low and middle level managers such as maître ds or foremen at a construction site,[11] on the assumption that by expanding the universe of persons to be sued there would be greater deterrence of FLSA violations. The short answer is that it is the job of Congress, not the courts or the Secretary, to decide the scope or reach of the Act. Important policy considerations are involved in whether the scope of the Act is extended to lower level employees; if liability were expanded in the way the Secretary urges, individuals might not be willing to act as managers or to accept responsibilities that might lead to liability under the Act out of fear that they could be sued. Accordingly, the decision concerning whether that tradeoff is worthwhile is properly left to Congress.

The Secretary's argument is also question begging. The Secretary is correct that the Supreme Court in *Rutherford* stated that the statute should be broadly construed and was remedial in nature. But significantly, the Supreme Court also noted its concern that "there is in the Fair Labor Standards Act no definition that solves problems as to the limits of the employer-employee relationship under the Act." 331 U.S. at 728. The statute, by its terms, does not specifically instruct courts what limits should be placed on the FLSA's flexible definition of "employer." The economic reality test employed by the Fourth Circuit and other circuits,[12] seeks to strike a balance between the need for limitations and the remedial purposes of the statute by

---

[11] *Gortat v. Capala Bros. Inc.*, 257 F.R.D 353 (E.D.N.Y. 2011) (holding that foremen were not employers despite authority to direct workers and discipline them).

[12] *See Donovan v. Agnew*, 712 F.2d 1509, 1512 (1st Cir.1983) ("In determining employer status, "economic reality" prevails over technical common law concepts of agency."); *Zheng v. Liberty Apparel Co. Inc.*, 355 F.3d 61, 73 (2d Cir. 2003) ("The determination [of whether an individual is an employer] is to be . . . viewed in light of economic reality."); *Haybarger v. Lawrence Cnty Adult Probation and Parole*, 667 F.3d 408, 414 (3d Cir. 2012) ("In analyzing an individual supervisor's control over the employee under the FLSA and the FMLA, most courts look to the "economic reality" of the employment situation, examining whether the individual supervisor carried out the functions of an employer with respect to the employee"); *Gray v. Powers*, 673 F.3d 352, 355 (5th Cir. 2012) ("The Fifth Circuit uses the "economic reality" test to evaluate whether there is an employer/employee relationship"); *Bonnette v. California Health and Welfare Agency*, 704 F.2d 1465, 1469 (9th Cir. 1983) ("The determination of whether an employer-employee relationship exists does not depend on "isolated factors but rather upon the circumstances of the whole activity. . . . The touchstone is 'economic reality'") (citations omitted).

identifying the kinds of factors that suggest an individual has significant responsibility for the amount and manner in which employees are paid and how long they work. The reading urged by the Secretary would make almost any managerial employee liable under the FLSA and does not reflect the "economic reality" that many managers have little or no responsibility for setting the rate, amount, or frequency of payment, or the hours of work and whether overtime is required. The FLSA should not be read so broadly as to "make any supervisory employee, even those without any control over the corporation's payroll, personally liable for the unpaid or deficient wages of other employees." *Donovan*, 712 F.2d at 1513. A restaurant hostess or maître d may have some say over when employees work, or over how wait staff or sous chefs should perform their jobs or cook food, but none of that is sufficient to make these persons FLSA "employers."

Perhaps, the Secretary may be able to allege facts supporting the plausible inference that Hoyung Ju did act as an FLSA "employer" and was responsible for the manner and amount employees were paid, the hours they worked, and the amount they were paid for overtime. If the Secretary is able to do so, he may amend his complaint.

## IV.

For the foregoing reasons, Hoyung Ju's motion to dismiss for pursuant to 12(b)(1) must be denied. His motion for dismissal pursuant to Rule 12(b)(6), however, must be granted, with leave for the Secretary to amend.

An appropriate Order will issue.

/s/
T. S. Ellis, III
United States District Judge